IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**CENTENNIAL BANK, successor in
interest to Coastal Community Bank,**

    **Plaintiff,**

**v.**                                                              **CASE NO. 5:11-cv-49-RS-EMT**

**PINEY POINT PRESERVE, LLC;
WILLIAM J. RISH, JR.; TERRA PAR
MER, LLC; RALPH RISH, and
RANDALL McELHENEY,**

    **Defendant.**
_____/

## ORDER

Before me is Plaintiff's Motion for Summary Judgment (Case 5:11-cv-51, Doc. 49).

### I. STANDARD OF REVIEW

The basic issue before the court on a motion for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251, 106 S. Ct. 2505, 2512 (1986). The moving party has the burden of showing the absence of a genuine issue as to any material fact, and in deciding whether the movant has met this burden, the court must view the movant's evidence and all factual inferences arising from it in the light most favorable

1

to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970); *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). Thus, if reasonable minds could differ on the inferences arising from undisputed facts, then a court should deny summary judgment. *Miranda v. B & B Cash Grocery Store, Inc.*, 975 F.2d 1518, 1534 (11th Cir. 1992) (citing *Mercantile Bank & Trust v. Fidelity & Deposit Co.*, 750 F.2d 838, 841 (11th Cir. 1985)). However, a mere 'scintilla' of evidence supporting the nonmoving party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party. *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990) (citing *Anderson*, 477 U.S. at 251).

## II. BACKGROUND

I accept the facts in the light most favorable to Plaintiff. *See Galvez v. Bruce*, 552 F.3d 1238, 1239 (11th Cir. 2008) (citing *Vinyard v. Wilson*, 311 F.3d 1340, 1343 n.1 (11th Cir. 2002)). " 'All reasonable doubts about the facts should be resolved in favor of the non-movant.' " *Id.* (quoting *Burton v. City of Belle Glade*, 178 F.3d 1175, 1187 (11th Cir. 1999); *Clemons v. Dougherty County*, 684 F.2d 1365, 1368-69 (11th Cir. 1982).

Plaintiff filed this suit alleging breach of two different promissory notes and for holding the respective guarantors jointly and severally liable. On September 30, 2009, Defendant Piney Point Preserve, LLC ("Piney Point") executed and delivers the first promissory note to Coastal Community Bank. In consideration for the loan, Defendants William J. Rish, Jr., Ralph Rish, and Randall McElheney executed and

delivered personal guaranties to Plaintiff to repay the obligation owed in the note in the amounts stated in the guaranties. Terra Par Mer, LLC executed and delivered a personal guaranty to Plaintiff to repay fifteen percent of the obligation owed in the note.

On December 31, 2009, Defendant Piney Point executed and delivered a promissory note to Coastal Community Bank modifying the original note, under which additional monies were loaned and some of the terms of the original Note were changed. In consideration for the loan, Defendants William J. Rish, Jr., Ralph Rish, and Randall McElheney executed and delivered personal guaranties to Plaintiff to repay the obligation owed in the modified note in the amounts stated in the guaranties. Subsequent to the execution of the modified note by Defendant, Coastal Community Bank and Defendant Piney Point entered into a note modification agreement where the terms of the agreement were modified.

Centennial Bank ("Centennial"), an Arkansas banking corporation, is the successor in interest to Coastal Community Bank by asset acquisition from the FDIC. Defendants defaulted under the modified notes by failing to pay the entire balance owed by the maturation date, which was May 15, 2010. Plaintiff contends that Defendants Piney Point, William Rish, Jr., Ralph Rish, and Randall McElheny, jointly and severally, owe Plaintiff the principal sum of $100,000.00. Additionally, Plaintiff contends that Defendant Terra Par Mer, LLC, owes Plaintiff the principal sum of

$7,800.00. All Defendants owe interest of $6,670.11 through October 6, 2011, with an interest per diem thereafter of $11.81.  (Case 5:11-cv-51, Doc. 50).

The second promissory note in question was executed and delivered to Coastal Community Bank by Defendant Piney Point on October 29, 2007.  In consideration for the loan, Defendants William J. Rish, Jr., Ralph Rish, and Randall McElheney executed and delivered personal guaranties to Plaintiff to repay the obligation owed in the note.  Terra Par Mer, LLC executed and delivered a personal guaranty to Plaintiff to repay a portion of the obligation owed in the note.

Subsequent to the execution of the note, Coastal Community Bank and Piney Point entered into two separate note modification agreements under which the terms and conditions of the note were modified.  On March 31, 2011, Plaintiff advanced $66,833.49 for the payment of ad valorem property taxes, and this amount was added to the principal balance.

Centennial then became the successor in interest to Coastal Community Bank. Defendants defaulted under the modified notes by failing to pay the entire balance owed by the maturation date, which was also May 15, 2010.  Plaintiff contends that Defendants Piney Point, William Rish, Jr., Ralph Rish, and Randall McElheny, jointly and severally, owe Plaintiff the principal sum of $1,771,833.49.  Additionally, Plaintiff contends that Defendant Terra Par Mer, LLC, owes Plaintiff the principal sum of $306,000.00. All Defendants owe interest of $114,880.24 through October 6,

2011 and late charges of $2,728.13, with an interest per diem thereafter of $209.17. (Case 5:11-cv-51, Doc. 50).

Plaintiff now brings this motion for summary judgment as to all counts of the amended complaint, including pre-judgment interest, attorneys' fees, and costs, jointly and severally, against all Defendants.

### III. ANALYSIS

The issue in this case arises from an settlement agreement of the existing loan agreement with Coastal Community Bank. This agreement was sent to the Defendants by the bank, but was never executed. Defendants argue that this agreement is enforceable because it was provided by Coastal Community Bank via email and "would have been executed but for the wrongful change to the proposed renewal Note." (Case 5:11-cv-51, Doc. 58).

Plaintiff argues that Defendants' argument is barred by the *D'Oench* doctrine, "which prohibits the enforcement of any alleged 'side agreement' that diminishes the interests of the FDIC or its successors in assets acquired from failed banks, unless that agreement is clearly set forth in the loan documents." *First Union Nat'l Bank of Fla. v. Hall*, 123 F.3d 1374, 1377 (11th Cir. 1997). The *D'Oenchi* doctrine provides that:

> In a suit over the enforcement of an agreement originally executed between an insured depository institution and a private party, a private party may not enforce against a federal deposit insurer any obligation not specifically memorialized in a written document such that the agency would be aware of the obligation when conducting an examination of the institution's records.

*Baumann v. Savers Fed. Sav. & Loan Ass'n*, 934 F.2d 1506, 1515 (11th Cir. 1991). "A banking agency would not normally be aware of any obligation contained in any written document that purports to be an agreement between the failed bank and the borrower unless that document is executed-that is, signed-by the failed bank." *Hall*, 123 F.3d at 1380 (citing *Twin Constr., Inc. v. Boca Raton, Inc.*, 925 F.2d 378, 383-84 (11th Cir. 1991).

The statutory embodiment of the *D'Oench* doctrine is set forth in 12. U.S.C. § 1823(e).

> This statute precludes enforcement against the FDIC any 'agreement' that is adverse to the interests of the FDIC unless the agreement is in writing, was executed by the relevant parties at the same time as the loan, is approved in the minutes of the lender's board of directors or appropriate loan committee, and has continuously appeared in the lender's official records of the loan.

*Savers Fed. Sav. & Loan Ass'n v. Amberley Huntsville, Ltd.,* 934 F.2d 1201, 1206 (11th Cir. 1991). The Supreme Court has held that "[w]hile the borrower who has relied upon an erroneous or even fraudulent unrecorded representation has some claim to consideration, so do those who are harmed by his failure to protect himself by assuring that his agreement is approved and recorded in accordance with the statute." *Langley v. FDIC*, 484 U.S. 86, 94 (1987).

In this case, the settlement agreement was not executed by any party. Defendants argue that it was never executed because of the wrongdoing of Coastal Community Bank; however, *Langley* makes it clear that wrongdoing on the part of the failed bank does not make unexecuted agreements enforceable. *Id.*

Additionally, Defendants rely on email communications as well as the prepared—but unexecuted—loan documents as evidence that the agreement was in the bank's official records. Again, the unexecuted documents fail to meet the requirements of the doctrine and the statute, and just because "a document is written and in the bank's records is not enough to bring the case outside *D'Oench* and section 1823(e)." *Twin Constr.*, 925 F.2d at 383-84. If unsigned loan documents prepared by the bank cannot be included in the bank's official records, then email communications certainly cannot either.

## IV. CONCLUSION

Plaintiff's Motion for Summary Judgment is **GRANTED**. Plaintiff shall file a detailed itemization of attorneys' fees and costs in accordance with N.D. Fla. Loc. R. 54.1 not later than December 28, 2011.

**ORDERED** on December 8, 2011.

/s/ Richard Smoak
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**